UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

ROBERT MORALES,

                          Plaintiff,

     -against-

CITY OF NEW YORK and
AARON DIAZ, Individually,

                         Defendants,

----------------------------------------------------------------------------X

**COMPLAINT**

Docket No.:

<u>Jury Trial Demanded</u>

       Plaintiff ROBERT MORALES, by his attorneys, the Leventhal Law Group, P.C., complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

       4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

       5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to


Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff ROBERT MORALES is a twenty-five year old Hispanic man residing in Monroe County, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendant, AARON DIAZ, was a duly sworn police officer of said department and was acting under the supervision of said department and according to his official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of defendant AARON DIAZ alleged herein were done by said defendant while acting within the scope of his employment by defendant CITY OF NEW YORK.

## FACTS

12. On May 1, 2013, at approximately 10:00 p.m., plaintiff ROBERT MORALES

was lawfully present inside a New York City subway car operating northbound on the "R" subway line, on his way to work at the Brooklyn Navy Yard. He was occupying one seat and was playing a hand-held video game with his backpack on the floor between his feet. He was the only passenger present inside the subway car that he occupied.

13.    At that time, the subway train pulled into the 36th Street station in Brooklyn, New York, located at 36th Street and 4th Avenue.

14.    Defendant AARON DIAZ was present on the 36th Street subway platform when the subway train that MORALES was riding on arrived at the station.

15.    As the subway car doors opened, DIAZ gestured to MORALES to exit the subway car.

16.    MORALES exited the subway car, approached DIAZ, and stated in sum and substance: What's going on? Can I get back on the train? I'm on my way to work.

17.    DIAZ then asked MORALES for identification, which MORALES produced, while also stating his name.

18.    DIAZ then communicated with someone via his NYPD-issued radio and then told MORALES that he had a warrant.

19.    MORALES told DIAZ that he must be mistaken, because MORALES knew that he did not have any outstanding warrants.

20.    DIAZ then handcuffed MORALES, transported him to a police precinct, and unlawfully imprisoned him therein until approximately 6:00 a.m., on May 2, 2013, when MORALES was transported to the Red Hook Community Justice Center ("RHCJC"), located at 88 Visitation Place, Brooklyn New York.

3

21. On May 2, 2013, MORALES was arraigned at the RHCJC on baseless charges filed under docket number 2013CK001950; said charges having been filed based on the false allegation of DIAZ. DIAZ initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against MORALES for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for his abuse of authority.

22. DIAZ created and manufactured false evidence against MORALES and conveyed said evidence to the Kings County District Attorney's Office causing said evidence to be used against MORALES in the aforementioned prosecution and causing the initiation of said prosecution.

23. Specifically, DIAZ falsely swore in a summons filed with the RHCJC that he observed MORALES "with his leg across seating in NYC subway system blocking access to other passengers." This allegation is entirely false.

24. MORALES never occupied more than one seat in the subway car and did not have his leg across seating in the subway car. Moreover, DIAZ told MORALES that he was arresting him because of outstanding warrants and not for any subway-related infractions/violations.

25. During MORALES'S arraignment, neither the presiding judge nor the assistant district attorney conducting the arraignment discussed and/or mentioned any outstanding warrants against MORALES. MORALES did not have any outstanding warrants on May 1, 2013.

26. The purported charge was adjourned in contemplation of dismissal during

4

MORALES'S arraignment on May 2, 2013 and ultimately dismissed and sealed on October 31, 2013.

27. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or practice of: manufacturing false evidence against individuals in a conspiracy to justify their abuse of authority; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

28. The aforesaid event is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts. As a result, defendant CITY OF NEW YORK is aware (from said lawsuits as well as notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants: manufacture false evidence against individuals in a conspiracy to justify their abuse of authority; arrest innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arrest individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification in an attempt to justify the false arrest.

29. In addition, in another civil rights action filed in this court involving false allegations of involvement in a narcotics transaction by NYPD officers, United States District Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or police by the city approving illegal conduct of the kind now charged.

*Colon v. City of New York, et. al.*, 2009 WL 4263362, *2 (E.D.N.Y.).

30. Moreover, the existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by former NYPD Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that NYPD commanders are permitted to set "productivity goals."

31. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendant lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as a police officer. Despite such notice, defendant CITY of NEW YORK has retained the officer, and failed to adequately train and supervise him.

32. As a result of the foregoing, plaintiff ROBERT MORALES sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendant AARON DIAZ arrested plaintiff ROBERT MORALES without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

35. Defendant AARON DIAZ caused plaintiff ROBERT MORALES to be falsely arrested and unlawfully imprisoned.

36. As a result of the foregoing, plaintiff ROBERT MORALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendant AARON DIAZ created false evidence against plaintiff ROBERT MORALES.

39. Defendant AARON DIAZ utilized this false evidence against plaintiff ROBERT MORALES in legal proceedings.

40. As a result of defendant AARON DIAZ'S creation and use of false evidence,

plaintiff ROBERT MORALES suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

41. As a result of the foregoing, plaintiff ROBERT MORALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendant AARON DIAZ issued criminal process against plaintiff ROBERT MORALES by causing his arrest and prosecution in a criminal court.

44. Defendant AARON DIAZ caused plaintiff ROBERT MORALES to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for his abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

45. As a result of the foregoing, plaintiff ROBERT MORALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

48. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ROBERT MORALES'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

49. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department also included, but were not limited to: manufacturing false evidence against individuals in a conspiracy to justify their abuse of authority; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

50. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ROBERT MORALES.

51. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ROBERT MORALES as alleged herein.

52. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ROBERT MORALES as alleged herein.

53. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ROBERT MORALES was unlawfully arrested and deprived of his right to a fair trial.

54. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ROBERT MORALES'S constitutional rights.

55. All of the foregoing acts by defendants deprived plaintiff ROBERT MORALES of federally protected rights, including, but not limited to, the right:

    A.    To be free from false arrest/unlawful imprisonment;

    B.    To be free from malicious abuse of process; and

    C.    To receive his right to fair trial.

56. As a result of the foregoing, plaintiff ROBERT MORALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ROBERT MORALES demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
October 8, 2015

        LEVENTHAL LAW GROUP, P.C.
        Attorneys for Plaintiff ROBERT MORALES
        45 Main Street, Suite 230
        Brooklyn, New York 11201
        (718) 556-9600

        By: /s
            JASON LEVENTHAL (JL1067)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------X

ROBERT MORALES,

                                              Plaintiff,                          Docket No.:

     -against-

CITY OF NEW YORK and
AARON DIAZ, Individually,

                                              Defendants.

----------------------------------------------------------------------------------X

**COMPLAINT**

**LEVENTHAL LAW GROUP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600